IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Latorey J. Greene, #292916, ) | C/A No.: 3:15-2967-HMH-SVH |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| Charles Brooks, P.C.R. Attorney; ) | |
| Wanda H. Carter, Deputy Chief ) | |
| Attorney; Patrick Wright, Attorney; ) | |
| Harry O'Conner, C. Kelly Jackson, and ) | REPORT AND RECOMMENDATION |
| Suzanne Mayes, Previous Solicitors of ) | |
| Sumter County; Howard P. King, Judge ) | |
| Paula H. Thomas, and Judge Thomas W. ) | |
| Cooper, 3rd Circuit Judges; Judge Mary ) | |
| R. Herbert, Magastrict; and Kenneth ) | |
| Young, Jr., Alieen P. Clare, and Robert ) | |
| M. Dudek, Attorneys, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Latorey J. Greene ("Plaintiff"), proceeding pro se and in forma pauperis, is an inmate incarcerated in the Lee Correctional Institution in the custody of the South Carolina Department of Corrections and serving a life plus 35 years sentence. Plaintiff filed this action against Attorneys Charles Brooks ("Brooks"), Wanda H. Carter ("Carter"), Patrick Wright ("Wright"), Kenneth Young, Jr. ("Young"), Alieen P. Clare ("Clare"), and Robert M. Dudek ("Dudek"); former Sumter County Solicitors Harry O'Conner ("O'Conner"), C. Kelly Jackson ("Jackson"), and Suzanne Mayes ("Mayes"); Third Circuit Judges Howard P. King ("King"), Paula H. Thomas ("Thomas"), Thomas W. Cooper ("Cooper"), and Magistrate Judge Mary R. Herbert ("Herbert") (collectively

"Defendants"), alleging violations of his constitutional rights. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(f) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends that the district judge dismiss the complaint in this case without prejudice and without issuance and service of process.

I.      Factual and Procedural Background

Plaintiff alleges Defendants manipulated the court docket to obtain his conviction. [ECF No. 1 at 2–3]. Plaintiff claims Young, his trial attorney in his third trial, was ineffective at trial and post-trial in his failure to properly prepare and investigate his case. *Id.* at 3. Plaintiff alleges South Carolina Appellate Defense attorneys Clare and Dudek failed to present several meritorious issues on appeal. *Id.* at 3–4. Plaintiff alleges Wright denied him his right to a speedy trial, bond motions, and a proper investigation. *Id.* at 5. Plaintiff claims Judge Thomas was untruthful in her PCR order of dismissal. *Id.* Plaintiff states former solicitors Jackson, O'Conner, and Mayes manipulated the dockets. *Id.* Plaintiff contends Brooks, his PCR attorney, was ineffective for not filing a Rule 59(e) motion to properly preserve his issues for habeas corpus. *Id.* at 6. Plaintiff alleges attorney Carter took part in the manipulation of the dockets and did not properly review his case and apply "legal law to bring fourth justice." *Id.* Plaintiff contends Judge Herbert did not have probable cause to issue the warrants against him. *Id.* Plaintiff claims Judges King and Cooper were present for his four trials and states they "both show conflict of interest, double jeopardy, [and] manipulation of the jury's decision." *Id.* Plaintiff seeks

2

monetary damages and injunctive relief. *Id.* at 7.

II.   Discussion

    A.   Standard of Review

Plaintiff filed this complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss a case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed sua sponte under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *Allison v. Kyle*, 66 F.3d 71, 73 (5th Cir. 1995).

Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Merriweather v. Reynolds*, 586 F. Supp. 2d 548, 554 (D.S.C. 2008). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can

ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

    B.    Analysis

        1.    Court Appointed Attorneys

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Plaintiff alleges his court-appointed attorneys (Brooks, Carter, Wright, Young, Clare, and Dudek) failed to render effective legal representation in his criminal, appellate, and PCR proceedings. An attorney, whether retained or appointed, does not act under color of state law when performing traditional functions as counsel. *See Polk County v. Dodson*, 454 U.S. 312, 317–24 nn.8–9, 12–14 (1981) (public defender); *Hall v. Quillen*, 631 F.2d 1154, 1155–56 nn.2–3 (4th Cir. 1980) (court-appointed attorney); *Deas v. Potts*, 547 F.2d 800 (4th Cir. 1976) (private attorney). As the performance of traditional legal functions does not constitute state action under § 1983, Brooks, Carter, Wright, Young, Clare, and Dudek are entitled to summary dismissal from this case.

        2.    Prosecutorial immunity

Plaintiff sues O'Conner, Jackson, and Mayes for actions associated with the prosecution of Plaintiff's criminal charges. Prosecutors have absolute immunity for activities in or connected with judicial proceedings, such as a criminal trial, bond

4

hearings, bail hearings, grand jury proceedings, and pre-trial hearings. *See Buckley v. Fitzsimmons*, 509 U.S. 259 (1993); *Dababnah v. Keller-Burnside*, 208 F.3d 467 (4th Cir. 2000). Plaintiff claims these defendants manipulated the order in which his pending criminal charges were tried to obtain a conviction and life sentence. Because such claims are barred under § 1983 by prosecutorial immunity, O'Conner, Jackson, and Mayes should be summarily dismissed from this case.

### 3. Judicial immunity

Plaintiff sues Judges King, Thomas, Cooper, and Herbert for actions they took in relation to Plaintiff's pretrial, trial, and PCR proceedings. It is well-settled that judges have absolute immunity from a claim for damages arising out of their judicial actions. *Mireless v. Waco*, 502 U.S. 9, 12 (1991); *Chu v. Griffith*, 771 F.2d 79, 81 (4th Cir. 1985) ("It has long been settled that a judge is absolutely immune from a claim for damages arising out of his judicial actions."). Further, judicial immunity is a protection from suit, not just from ultimate assessment of damages, and such immunity is not pierced by allegations of corruption or bad faith. *See Mireless*, 502 U.S. at 11; *see also Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978) ("A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'") (citation omitted). Because Judges King, Thomas, Cooper, and Herbert are entitled to absolute immunity for judicial actions taken in Plaintiff's criminal proceedings, they should be summarily dismissed from the instant case.

III.　　Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends that the court dismiss this case without prejudice and without issuance and service of process. If the court accepts this recommendation, Plaintiff's pending motion for discovery [ECF No. 4], motion for a new trial [ECF No. 5], motion for investigative and expert services [ECF No. 7], and motion to be released [ECF No. 8] will be rendered moot.

IT IS SO RECOMMENDED.

August 14, 2015                                         Shiva V. Hodges
Columbia, South Carolina                        United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).